IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CORNELIUS K KOONCE,

    Plaintiff,

v.                                                    CASE NO. 1:13-cv-153-MW-GRJ

FIRST POINT COLLECTION, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing Doc. 1, a *pro se* Complaint pursuant to the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq*. Plaintiff has been granted leave to proceed as a pauper. Doc. 4. The only named Defendant is First Point Collection, Inc., a North Carolina corporation with its principal place of business in Greensboro, North Carolina. Doc. 1. Plaintiff contends that Defendant initiated a "hard pull" of Plaintiff's credit report in October 2012 and has reported derogatory credit information about Plaintiff, in violation of the FCRA. Doc. 1. This case is now before the Court on Doc. 10, Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief may be granted. Pursuant to the Court's order to show cause, Plaintiff has filed a response in opposition to the motion, Doc. 15, and this matter is therefore ripe for determination. For the following reasons, the Court concludes that the motion to dismiss for lack of personal jurisdiction should be granted.

## Standard of Review

In deciding Defendant's motion to dismiss, the court is bound to accept the allegations of the Complaint as true and views the facts in the light most favorable to it. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003); *Murphy v. Federal*

*Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir.2000).  A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A motion to dismiss for lack of personal jurisdiction should be "denied if the plaintiff has alleged sufficient facts to support a reasonable inference that the defendant can be subjected to the jurisdiction of the court."  *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir.1986).

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)); Fed. R. Civ. P. 12(b)(2).  "Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction."  *Future Technology Today, Inc., v. OSF Healthcare Systems, Inc.*, 218 F.3d 1247, 1249 (11th Cir. 2000).  A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict.  *Morris v. SSE, Inc.* 843 F.2d 489, 492 (11th Cir. 1988).  "It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

In determining whether the court has personal jurisdiction over a nonresident

defendant the court employs a two-part analysis. *Horizon Aggressive Growth v. Rothstein-Kass*, 421 F.3d 1162, 1166 (11th Cir. 2005). First, the court must determine if jurisdiction can be obtained over the defendants under Florida's long-arm statute.[1] *See id*. If so, the court must then decide whether the nonresident defendants have sufficient "minimum contacts" with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *Id*. Even if jurisdiction is found under Florida's long-arm statute, a separate review of the facts must be undertaken by the court to determine if the constitutional test is met. *See Cable/Home Communication Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990) (quoting *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 500 (Fla. 1989)).

## Discussion

In the motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), Defendant contends that the Complaint "is devoid of any facts connecting this Defendant with the forum. Rather, Plaintiff avers in the Complaint that this Defendant is a North Carolina corporation that is not authorized to do business in Florida. Compelling this Defendant to answer in a forum in which minimum contacts have not been established would be contrary to constitutional due process." Doc. 10.

While Plaintiff conclusionally alleges that jurisdiction and venue are proper in this

---

[1] Florida's long-arm statute provides for two types of personal jurisdiction: specific jurisdiction under § 48.193(1), where a party's contacts with the forum relate to the cause of action and general jurisdiction under § 48.193(2), where a party's contacts are unrelated to the litigation, but nonetheless are "continuous and systematic," such as owning property, running a business, or maintaining a bank account.

Court, the factual allegations of the Complaint do not, even liberally construed, show that Defendant has any contacts with this forum either generally or specifically in connection with the FCRA violation alleged by Plaintiff.  Plaintiff's factual allegation regarding the basis for his claim states, in full, that on October 8, 2012, Defendant "initiated a hard pull of Plaintiff's credit report from Transunion without permissible purpose, thereby reducing his credit score and creditworthiness."  Doc. 1.  There are no factual allegations suggesting that this asserted violation occurred in this forum or that Defendant is otherwise subject to personal jurisdiction in this forum.

Plaintiff was afforded an opportunity to show cause as to why the motion to dismiss should not be granted.  In response to Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiff again makes only conclusory statements that such jurisdiction exists.  Doc. 15.  Plaintiff states that he learned in April 2013 that Defendant had requested Plaintiff's credit report because Plaintiff obtained his credit report from the three major reporting bureaus and noticed a credit inquiry by Defendant on the reports.  *Id*.  Again, Plaintiff's response is devoid of any material factual allegations establishing a prima facie case of personal jurisdiction over the Defendant.

In sum, Plaintiff has failed to meet his burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.  *See Louis Vuitton Malletier,* 736 F.3d at 1350.  Plaintiff has been afforded an opportunity to respond to Defendant's motion to dismiss by alleging facts establishing that personal jurisdiction is present, but again has failed to meet his burden.  On this record, the undersigned does not find that amendment of the Complaint – which Plaintiff has not requested – is warranted.  Rather, under these circumstances the undersigned concludes that the

Complaint should be dismissed. Dismissal for lack of personal jurisdiction is without prejudice, and the Plaintiff still may sue the Defendant in a forum where personal jurisdiction can be obtained. *Morris*, 843 F.2d at 496.[2]

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, Doc. 10, should be **GRANTED**, and that this case should be **DISMISSED** without prejudice to refiling in an appropriate forum.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of November 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[2] The court previously determined in screening the Complaint that, liberally construed, the allegations of the Complaint were sufficient to state a claim pursuant to the FCRA.